## Stuart *versus* Lake.

If a party would exclude an interested witness from testifying, his objection must be presented at the earliest opportunity.

If not so presented, there arises a presumption that the objection is waived.

It is a general rule, that if the objecting party, in order to prove the interest of a witness, has examined him on the *voir dire,* it is too late for him, for the purpose of showing that interest, to prove from other sources, any facts which were known to him at the time when the witness was examined.

It is not competent for an objecting party, in order to exclude a witness, to prove that the witness has made admissions of his interest in the case.

Where one had brought a suit, for his own benefit, using, without authority, the name of a third person, as plaintiff, and, upon a failure of such action, the nominal plaintiff had been compelled to pay the bill of cost, an action lies for such nominal plaintiff to recover the amount of such payment against the party by whom the suit had been brought.

For such a recovery, assumpsit is an appropriate remedy.

In such a case the *implied* promise is a sufficient basis for maintaining the action.

*Ingalls,* for the plaintiff.

*Russell,* for the defendant.

Tenney, J. — The plaintiff offered as witnesses Warren D. Stuart and Lewis Littlefield. The defendant's counsel objected to their competency on the ground of interest, and offered to prove the declarations of the plaintiff and also of the witnesses, that the demand sued for in this action was the property of the witnesses, they both testifying, " *on their preliminary examination,*" that they had no interest whatever in the event of the suit. The Court refused to admit the testimony for the purpose of showing the witnesses to be incompetent.

The language of the exceptions, upon this point, is obscure, and the meaning equivocal. The most obvious import of it perhaps would be, that the testimony " on the preliminary ex-

amination," was the statements of the witnesses on the *voir dire,* in answer to the defendant's questions, previous to any evidence from them at the call of the plaintiff. But it is said in the written argument of the defendant's counsel, that "the preliminary examination" was made in behalf of the plaintiff; and in the reply of the plaintiff's counsel, the truth of this is not denied, but an attempt is made to sustain this ruling, on this ground. In this view of the matter, the evidence to show the interest of the witnesses was subsequent to their examination in chief, and was not admissible, there being no suggestion that the defendant was not previously informed of all the evidence, which he offered upon this point. "If the party is aware of the existence of the interest, he will not be permitted to examine the witness and afterwards object to his competency, if he should dislike his testimony. He has his election to let an interested person testify against him or not, but in this as in all other cases, the election must be made, as soon as the opportunity to make it, is presented; and failing to make it at that time, he is presumed to have waived it forever." Greenl. Ev. sec. 421. This is not inconsistent with the rule, that "notwithstanding every ineffectual endeavor to exclude the witness on the ground of incompetency, if it should afterwards appear incidentally, in the course of the trial, that the witness is interested, his testimony will be stricken out, and the jury will be instructed, wholly to disregard it." Ibid; *Donelson* v. *Taylor,* 8 Pick. 390. The doctrine last stated is upon the ground, that the interest of the witness is discovered by means previously unknown to the party objecting.

If the "preliminary examination" of the witnesses was on the *voir dire,* the evidence offered by the defendant to prove them incompetent was equally inadmissible. "The rule recognized and adopted by the general current of authorities is, that when the objecting party has undertaken to prove the interest of the witness, by interrogating him on the *voir dire,* he shall not upon the failure of that mode, resort to the other, to prove facts, the existence of which was known, when the witness was interrogated." Greenl. Ev. sect. 423. *Bridge*

*v. Wellington,* 1 Mass. 219. In Massachusetts and this State, it is believed, that this rule in practice has been uniformly adhered to.

Proof of the declaration of witnesses introduced by the other party, for the purpose of excluding their testimony can be admitted on no principle. A party cannot be deprived in this mode of facts known to a witness, who is otherwise competent.

If the jury included in their verdict, the last item in the plaintiff's account or any part of it, they must have found under the instructions, that this item was for costs recovered by Nathan Stuart in an action brought in the name of the plaintiff as executrix against him, by the direction of the defendant, without cause and without her consent or knowledge; and that after a nonsuit, the plaintiff paid the costs on an execution obtained against her. These facts were a sufficient cause of action in assumpsit under the money counts. An express promise to pay the costs so awarded and paid was not necessary for a recovery. *Ticonic Bank* v. *Smiley,* 27 Maine, 225.

The court was requested to instruct the jury, that the burden of proof was upon the plaintiff to satisfy them, that the defendant and his wife were at the plaintiff's in the capacity of boarders. This instruction was refused; and the jury were instructed, that if they found the defendant and his wife were at the plaintiff's at the time alleged, eating at her table and lodging at her house, the burden of proof was on the defendant to show, that they were not there as boarders.

One of the charges, in the plaintiff's account sued, is for boarding the defendant and his wife. To entitle her to recover for this item, it was necessary that she should satisfy the jury of the fact of their being boarders. It was not the province of the Court to direct what particular facts were sufficient for this purpose. The jury might have been satisfied, that the defendant and his wife were the plaintiff's boarders, because they took their food and lodging at her house, and they might perhaps have inferred from this fact,

and others in the case, that they were the servants of the plaintiff; they were the judges. Again, on the question, whether they were the plaintiff's boarders or not, the issue was upon the plaintiff to maintain throughout. The burden of proof did not change by the establishment of the fact, that they ate and lodged in her house, for this they could have done, if they were at service for her. The instruction should have been given, as requested, and that given was erroneous. For these causes, the exceptions are sustained and a new trial granted.